Mr. John S. Slye General Counsel Florida Department of Children and Families 1317 Winewood Boulevard Tallahassee, Florida 32399-0700
Dear Mr. Slye:
On behalf of the Secretary of the Department of Children and Families, you ask substantially the following question:
Where the parental rights to a child have been terminated and the child has been placed in the home of intended adoptive parents pending the final adoption hearing, are the records in the adoption file confidential pursuant to section 402.166(8)(a)2., Florida Statutes (1998 Supplement), and thus not available to a district human rights committee?
In sum:
Where the parental rights to a child have been terminated and the child has been placed in the home of intended adoptive parents pending the final adoption hearing, records in the adoption file are confidential pursuant to section 402.166(8)(a)2., Florida Statutes (1998 Supplement), and thus are not available to a district human rights committee.
You state that it is the position of the Department of Children and Families (DCF) that once parental rights have been terminated and the affected child has been placed in a home awaiting finalization of the adoption process, a district human rights advocacy committee (DHRAC) does not have access to DCF's records relating to the adoption. The DHRACs, however, believe that these records are accessible until final approval of the adoption has been given.
You state that a minor may be placed in an intended adoptive home after completion of a favorable preliminary home study under section 63.092(2), Florida Statutes (1998 Supplement), pending entry of a judgment of adoption. Pursuant to section 63.122(1), Florida Statutes, a hearing on a petition to adopt a minor "must not be held sooner than 90 days after the placing of the minor in the physical custody of the petitioner." Your inquiry concerns access to adoption records after the child has been placed in the intended adoptive parents' home but before the final adoption hearing.
The district human rights advocacy committees were established as a third-party mechanism for protecting the constitutional and human rights of any DCF client within a program or facility funded, licensed, or regulated by DCF.[1] It is the responsibility of the committees to receive, investigate, and resolve reports of abuse or deprivation of constitutional and human rights.[2] To accomplish this, section 402.166(8)(a)1., Florida Statutes (1998 Supplement), provides that the committees have:
Access to all client records, files, and reports from any program, service, or facility that is operated, funded, licensed, or regulated by the Department of Children and Family Services and any records which are material to its investigation and which are in the custody of any other agency or department of government.
Section 402.166(8)(a)2., Florida Statutes (1998 Supplement), provides that DHRACs have:
"Standing to petition the circuit court for access to client records which are confidential as specified by law. The petition shall state the specific reasons for which the committee is seeking access and the intended use of such information. The court may authorize committee access to such records upon a finding that such access is directly related to an investigation regarding the possible deprivation of constitutional or human rights or the abuse of a client. Original client files, records, and reports shall not be removed from Department of Children and Family Services or agency facilities. Upon no circumstances shall thecommittee have access to confidential adoption records inaccordance with the provisions of ss. 39.0132, 63.022, and 63.162. Upon completion of a general investigation of practices and procedures of the Department of Children and Family Services, the committee shall report its findings to that department." (e.s.)
Section 63.022, Florida Statutes (1998 Supplement), referenced in the above statute, clearly provides that the records of all proceedings concerning custody and adoption of children are confidential and exempt from disclosure except as provided in section 63.162, Florida Statutes.[3] Section 63.162, Florida Statutes, which is also cited in section 402.166(8)(a)2., Florida Statutes, states that all papers and records pertaining to an adoption, whether part of the permanent court file or a file kept by DCF, a licensed child-placing agency, or an intermediary, are confidential and subject to inspection only by court order.[4]
Moreover, "[p]apers and records of the [DCF], a court, or any other governmental agency, which papers and records relate to adoptions are exempt from s. 119.07(1)."[5]
Section 39.0132, Florida Statutes, the third statute referenced in section 402.166(8)(a)2., Florida Statutes (1998 Supplement), provides for the confidentiality of court records in cases brought under Chapter 39, Florida Statutes.[6] In addition, the statute states that information obtained pursuant to Part I of Chapter 39, Florida Statutes, by, among others, authorized DCF agents may not be disclosed to anyone other than the authorized personnel of the court, the department and its designees, correctional probation officers, law enforcement agents, guardian ad litem, and others entitled under the chapter to receive that information, except upon order of the court.[7]
It is DCF's position that these statutes manifest an intent by the Legislature that records that are a part of the adoption file at the time a child is in an adoption placement under sections63.092(2) and 63.122, Florida Statutes, are confidential adoption records under section 402.166(8)(a)2., Florida Statutes. To conclude otherwise would permit access, only because the adoption is not yet final, to information in the adoption file that, after finalization, clearly cannot be released.[8] Rather, an examination of the statutes indicates that it is the adoption process, not merely its finalization, that the Legislature sought to protect with the enactment of protective statutes such as sections 63.022 and 63.122, Florida Statutes.
It may be advisable to seek legislative clarification of this issue. Until such time, however, I am of the view that the confidentiality protection afforded by, for example, section63.122, Florida Statutes, applies to DCF records relating to adoption prior to finalization of the adoption by the court.
Accordingly, it is my opinion that where the parental rights to a child have been terminated and the child has been placed in the home of intended adoptive parents pending the final adoption hearing, records in the adoption file are confidential pursuant to section 402.166(8)(a)2., Florida Statutes, and thus not available to a district human rights advocacy committee.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tjw
[1] Section 402.166(7)(a), Fla. Stat. And see, s. 402.165(7)(a), Fla. Stat., imposing similar powers on the Statewide Human Rights Advocacy Committee.
[2] Section 402.166(7)(c), Fla. Stat.
[3] Section 63.022(2)(j), Fla. Stat. (1998 Supp.).
[4] Section 63.162(2), Fla. Stat.
[5] Id.
[6] Section 39.0132(3), Fla. Stat. (1998 Supp.).
[7] Section 39.0132(4)(a), Fla. Stat. (1998 Supp.).
[8] These provisions are the same statutes on which DCF relies in prohibiting public access to the adoption files. To read the statutes as limited to only instances in which the adoption was finalized could affect access to these records not only by a DHRAC, but by the public.